263 F.2d 899
 Ezra Taft BENSON, Secretary of Agriculture of the United States, Petitioner,
v.
UNITED STATES of America, Federal Maritime Board, Respondents,
Isbrandtsen Company, Inc., Intervenor, THE A/S J. LUDWIG MOWINCKELS REDERI (Cosmopolitan Line), et al., Members of North Atlantic Continental Freight Conference, Intervenor.
 No. 13316.
 No. 13373.
 United States Court of Appeals District of Columbia Circuit.
 Argued December 16, 1958.
 Order Entered January 21, 1959.
 
 Daniel M. Friedman, Atty., Dept. of Justice, with whom Donald A. Campbell, Atty., Dept. of Agriculture, was on the pleadings, for petitioner Benson and respondent United States.
 Edward Schmeltzer, Atty., Federal Maritime Board, with whom E. Robert Seaver, Gen. Counsel, Federal Maritime Board, Robert E. Mitchell, Asst. Gen. Counsel, Federal Maritime Board, and Edward Aptaker, Chief Regulations Branch Division of Litigation, Federal Maritime Board, were on the pleadings, for respondent Federal Maritime Board.
 John J. O'Connor, Washington, D. C., for intervenor Isbrandtsen Co., Inc.
 Paul D. Page, Jr., Washington, D. C., with whom R. H. Hupper, New York City, was on the pleadings, for intervenor A/S J. Ludwig Mowinckels Rederi (Cosmopolitan Line) and others, members of North Atlantic Continental Freight Conference.
 Before PRETTYMAN, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 These cases came on to be heard on a motion to hold the proceedings in abeyance made by all the parties hereto except petitioner-intervenor Isbrandtsen Company, Inc.; a motion to dismiss by the Federal Maritime Board; and a motion for summary judgment by Isbrandtsen Company, Inc., and said motions were argued by counsel.
 
 
 2
 On consideration, it appears to the court that these cases are not moot, under the principles stated in Flemming v. Florida Citrus Exchange, 1958, 358 U.S. 153, 79 S.Ct. 160, 3 L.Ed.2d 188, and that by parity of reasoning these cases should not be held in abeyance. It further appears to the court that the cases should be remanded to the Federal Maritime Board for further consideration, as hereinafter specified, inasmuch as this court should not be asked to pass on issues not yet fully considered by the Board. See Federal Maritime Board v. Isbrandtsen Co., 356 U.S. 481, at page 499, 78 S.Ct. 851, at page 862, 2 L.Ed.2d 926 (1958), affirming Isbrandtsen Co. v. United States, 99 U.S.App.D.C. 312, 239 F.2d 933 (1956).
 
 
 3
 Now, Therefore, it is Ordered by the court that
 
 
 4
 (1) The motion by the United States, Ezra Taft Benson, the Federal Maritime Board, and the North Atlantic Continental Freight Conference to hold in abeyance all proceedings herein, be, and it is hereby, denied;
 
 
 5
 (2) The motion by the Federal Maritime Board to dismiss these cases as moot, be, and it is hereby denied;
 
 
 6
 (3) The motion by Isbrandtsen Company, Inc., for summary judgment, be, and it is hereby, denied;
 
 
 7
 (4) These cases be, and they hereby are, remanded to the Maritime Board with instructions that it consider the impact on the dual-rate system here involved of the decision of the Supreme Court in Federal Maritime Board v. Isbrandtsen Co., supra, having due regard to the Act of August 12, 1958, 72 Stat. 574, Public Law 85-626, 85th Cong., 2d Sess., 46 U.S.C.A. § 812. See Flemming v. Florida Citrus Exchange, supra. The Board should further consider the application to said dual-rate system of Section 15 of the Shipping Act of 1916, 39 Stat. 733, as amended, 46 U.S.C.A. § 814, in the light of the "unless and until" clause of the Act of August 12, 1958. Cf. S.Rep.No. 1709, 85th Cong., 2d Sess. at p. 9 (1958). Appropriate findings of fact and conclusions of law should be made with respect to the foregoing, and the Board should state whether the orders on review in these cases are adhered to, modified, or set aside and new orders made.
 
 
 8
 Pending the conclusion of the proceedings on remand, the Board may permit the orders under appeal to remain in effect. If the orders on review in these cases are adhered to by the Board, the present review proceedings may be reinstated upon proper application to this court. If the orders on review in these cases are modified or set aside and new orders entered, a new petition or petitions for review may be filed in accordance with law.